IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01090-CNS-TPO

DIANA RING, individually and on behalf of all others similarly situated,

 Plaintiff,

v.

PINNACLE HOLDINGS, LTD.,

 Defendant.

---

**ORDER**

---

The Court has reviewed Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel (the Motion) submitted by Plaintiffs Diana Ring, Lisa Barlow, and Mariann Oxford on behalf of themselves and all others similarly situated, and has determined that consolidation of the above-captioned cases will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay. The Court further concludes that consolidation of the following cases, which the Court has determined are likewise related, will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay: *Butsch II v. Pinnacle Holdings,* 26-cv-1161-SKC-KAS; *Zimmerman v. Pinnacle Holdings*, 26-cv-1134-MDB; and *Williams v. Pinnacle Holdings*, 26-cv-1378-WJM. Collectively, the Court refers to these six cases as the "Related Cases."

1

Therefore, it is ORDERED that the Motion is GRANTED IN PART[1] as set forth below:

1.  Pursuant to Federal Rule of Civil Procedure 42(a), the Court hereby consolidates *Ring v. Pinnacle Holdings, LTD.*, Case No. 1:26-cv-01090; *Barlow v. Pinnacle Holdings, LTD.*, Case No. 1:26-cv-01097; *Oxford v. Pinnacle Holdings, LTD.*, Case No. 1.26-cv-01131; *Butsch II v. Pinnacle Holdings,* Case No. 1:26-cv-1161; *Zimmerman v. Pinnacle Holdings*, 1:26-cv-1134; and *Williams v. Pinnacle Holdings*, 1:26-cv-1378-WJM (as indicated above, the "Related Cases") into the lowest numbered case *Ring v. Pinnacle Holdings, LTD.*, Case No. 1:26-cv-01090 (the "Consolidated Action").

2.  All future filing shall be made on the lead case, *Ring v. Pinnacle Holdings, LTD.*, Case No. 1:26-cv-01090 (the "Consolidated Action"). The consolidated cases other than the lead case shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within the next forty-five (45) days, as further set forth below. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3.  All papers previously filed and served to date in the Related Cases are deemed part of the record in the Consolidated Action.

---

[1] As set forth in the accompanying text order, the Court DENIES the Motion to the extent that it seeks appointment of interim co-lead class counsel at this time. The Court shall revisit the issue regarding the appointment of interim co-lead class counsel following receipt of Plaintiffs' joint statement regarding the same.

4.  Plaintiffs and/or Defendants shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District. If any party in such a case objects to consolidation with the Consolidated Action, or otherwise wishes to seek alternative relief, they shall do so within fourteen (14) calendar days following appearance of all parties in such a case. If the Court determines that the case is related, the Court shall direct the Clerk of Court to:

   a.  Place a copy of this Order in the separate docket for such action;

   b.  Serve on Plaintiff's counsel in the new case a copy of this Order;

   c.  Direct this Order to be served upon Defendant in the new case; and

   d.  Make the appropriate entry on the docket in the Consolidated Case.

5.  A scheduling order shall be entered for further pretrial proceedings as soon as is reasonably practicable.[2]

6.  Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within forty-five (45) days of the date of this Order. Defendant shall have forty-five (45) days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto. In the event that Defendant's response is a motion to dismiss or a motion to compel arbitration, Plaintiffs shall have thirty (30) days to file their opposition brief, and Defendant shall have twenty-one (21) days to file a reply brief.

* * *

---

[2] The parties are directed to contact the chambers of United States Magistrate Judge O'Hara regarding such scheduling order within fourteen (14) days following Plaintiffs' submission of a joint statement regarding the appointment of interim co-lead class counsel.

3

Accordingly, and for the reasons set forth above, it is hereby ORDERED that this Order shall apply in the Related Cases and to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case. Should any party from such a case object to consolidation or seek alternative relief, the Court shall address such objection and determine whether consolidation of such new, later-filed case is appropriate.

It is FURTHER ORDERED that the mere communication of otherwise privileged information among and between Plaintiffs' counsel in the Related Cases, or any subsequently filed related case, shall not facially be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

IT IS FURTHER ORDERED that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the rules of the United States District Court for the District of Colorado.

DATED this 26th day of May 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

4